IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER HEMMINGS,** | : | |
| Petitioner | : | No. 1:15-cv-01298 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Mehalchick) |
| | : | |
| **DAVID EBBERT,** | : | |
| Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the February 25, 2016 Report and Recommendation of Magistrate Judge Mehalchick, in which she recommends that the Court grant Petitioner's Section 2241 petition in part and direct the Bureau of Prisons (BOP) to cure procedural defects in Petitioner's previous disciplinary hearings. (Doc. No. 22.) Those two hearings, undertaken while Petitioner was participating in the Transitional Drug Abuse Treatment program (TDAT), led to the revocation of Petitioner's home-based incarceration supervised by the Bronx Community Re-Entry Center and his recommitment to the physical custody of the BOP. (See id. at 2-7.) In the Report and Recommendation, Magistrate Judge Mehalchick rejected Petitioner's argument that his administrative hearing decisions should be expunged, because (1) the "expungement doctrine" has not been adopted in the Third Circuit, and because (2) regardless of the doctrine's availability in this circuit, Petitioner has not demonstrated that false information contained in his file has been "relied upon to a constitutionally significant degree," as he must do to invoke the doctrine. (Doc. No. 22 at 10-12) (quoting Paine v. Baker, 595 F.2d 197, 201-02 (4th Cir. 1979)).

Petitioner objects to the Report and Recommendation, arguing that conducting new hearings will not safeguard Petitioner's rights (1) because the incidents underlying the hearings

1

occurred more than a year ago and (2) because the BOP contractors who conducted the initial hearings have shown themselves to be untrustworthy.  (Doc. No. 25 at 2.)

Petitioner's objections do not address the dispositive issues in Magistrate Judge Mehalchick's Report and Recommendation. He does not address the findings that there is no authority indicating that expungement is an available remedy in this circuit or that Petitioner has failed to meet the prerequisites for the doctrine's application.[1]  Accordingly, the Court finds Magistrate Judge Mehalchick correctly and comprehensively addressed the substance of Petitioner's petition and his objections in the Report and Recommendation itself.  The Court will not write separately to address Petitioner's objections.

**AND SO**, on this 16th day of March 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation (Doc. No. 22) of Magistrate Judge Mehalchick;

2. The Petition (Doc. No. 1) is **GRANTED IN PART**;

3. This matter is **REMANDED** to the Bureau of Prisons for further disciplinary proceedings on Incident Reports 2693710 and 2693707;

4. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[1] Petitioner stated in his objections that he was "at liberty at the time of these alleged violations," and that "he was found guilty of the charged conduct and sent back to prison" "only as a result of the faulty disciplinary hearings."  (Doc. No. 25 at 3.)  Petitioner's characterization is inaccurate: at the time of the disciplinary hearings, Petitioner remained legally in custody pending the successful completion of the TDAT program, and he remains today in BOP custody pursuant to the sentence for conspiracy to distribute controlled substances, handed down by Judge Castel of the United States District Court for the Southern District of New York on February 11, 2013. United States v. Hemmings, No. 12-cr-419 (S.D. N.Y.).